UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-14003-T/P-MOORE/LYNCH

UNITED STATES OF AMERICA,

      Plaintiff,

v.

EDDIE LEE THOMAS,

      Defendant.

_____/

> FILED by _____ D.C.
>
> DEC - 6 2013
>
> STEVEN M. LARIMORE
> CLERK U.S. DIST. CT.
> S.D. OF FLA. - FT. PIERCE

## REPORT AND RECOMMENDATION ON VIOLATIONS OF SUPERVISED RELEASE FINAL EVIDENTIARY HEARING

**THIS CAUSE** having come on to be heard for a final evidentiary hearing on December 6, 2013 in respect to the pending Petition alleging violations of supervised release, and this Court having received testimony and arguments of counsel recommends to the District Court as follows:

1. The Petition in this matter alleges the following violations of supervised release:

| | |
|---|---|
| **Violation Number 1** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about November 6, 2013, in Saint Lucie County, Florida, the defendant did commit possession of 20 grams or less of cannabis, in violation of statute 893.13.6B. |
| **Violation Number 2** | **Violation of Mandatory Condition**, by failing to refrain from violation of the law.  On or about November 6, 2013, in Saint Lucie County, Florida, the defendant did commit resisting an officer without violence, in violation of statute 843.02. |

2. The first witness called by the United States was Deputy Sheriff Charles Bell of the St. Lucie County Sheriff's Office.  On or about November 6, 2013, he was on road patrol with Detective Owens patrolling high crime areas of the City of Fort Pierce.

This was a crime suppression joint task force involving the Fort Pierce Police Department and the St. Lucie County Sheriff's Office.  At approximately 9:15 p.m., Deputy Bell, along with Detective Owens, was patrolling the 1300 block of Avenue K in Fort Pierce.  They observed someone, later identified as this Defendant, riding a bike on 13th Street turning onto Avenue K.  The bike did not have any headlight nor a tail light as required by Florida law.  Therefore, Deputy Bell decided to activate his emergency lights on his marked patrol unit and stop the bicycle rider to advise him of the violation.

3.      Once Deputy Bell activated his lights, the Defendant turned several times to look at the patrol car following him and actually pedaled faster attempting to get away from the patrol car.  Deputy Bell yelled to the Defendant to stop, but the Defendant kept pedaling faster and actually rode his bike between two duplexes to attempt to evade the following patrol car.

4.      Detective Owens got out of the vehicle and ran around the duplexes while Deputy Bell drove his vehicle around where he could meet Detective Owens on the other side.  By the time that Deputy Bell had his patrol car around the buildings, Detective Owens already the Defendant in custody on the ground.

5.      Approximately 30 to 35 feet away from where the Defendant was taken into custody on the ground were found a lighter, an unopened package of cigars, and packets of marijuana.  Deputy Bell picked up these items and asked the Defendant if they were his.  The Defendant stated that the lighter and cigars were his.  He made no mention of the marijuana.  This Court notes that the Defendant had not been advised of his Miranda rights at this juncture.  Deputy Bell testified that the lighter, package of

2

cigars, and small amount of marijuana in packets were all lying next to or on top of each other.

6.      While transporting the Defendant to the jail, the Defendant made a spontaneous voluntary statement that he was on probation and that was why he threw the marijuana down.  Once again, the Defendant had not been advised of his Miranda rights.

7.      Deputy Bell testified that there were no other individuals seen in the area who may have thrown down the marijuana next to the Defendant's lighter and cigars.

_____

8.      USPO Rita Ramos testified next.  On November 12, 2013, the Defendant was interviewed by USPO Ramos about this incident.  The Defendant advised that he had been arrested.  The Defendant told USPO Ramos that he found the marijuana, that it was not his, and that he was going to give it away to someone.  The Defendant was tested that day and his urine specimen was negative for the presence of any controlled substances.

9.      The Defendant was identified in court by both Deputy Bell and USPO Ramos as the individual they know as Eddie Lee Thomas and who was involved in this incident.  According to USPO Ramos, the Defendant's state cases are still pending in respect to the possession of marijuana less than 20 grams and resisting arrest without violence.

3

10.    The Defendant presented no witnesses or evidence at the final hearing. However, counsel for the Defendant did argue that no one actually saw the Defendant throw down the marijuana at any time.

## ANALYSIS

11.    The standard of proof in cases of this type is by the preponderance of the evidence.  Based upon the testimony of Deputy Bell and USPO Ramos, it is apparent that the Defendant admitted that he did in fact possess the misdemeanor amount of marijuana set forth in Violation Number 1.  His other property being the lighter and cigars were found right next to the marijuana and within a few feet of where he was taken into custody.  There was no one else in the area who might have thrown down the marijuana next to the Defendant's lighter and cigars.

12.    The testimony also reflects that the Defendant looked back several times and knew that he was being pursued by law enforcement and they were requesting that he stop.  He refused and continued to attempt to elude them.  This constitutes resisting arrest without violence.

13.    Based upon the totality of the evidence submitted, this Court finds that the Defendant did violate his supervised release in respect to each of the violations set forth in the Petition.  The government has sustained its burden by the preponderance of the evidence.

**ACCORDINGLY,** this Court recommends to the District Court that the Defendant be found to have violated his supervised release and that a final sentencing hearing be set for disposition of this matter.

4

The parties shall have fourteen (14) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable K. Michael Moore, the United States District Judge assigned to this case.  Pursuant to Federal Rules of Criminal Procedure, Rule 59(b)(2), failure to file objections timely waives a party's right to review and bars the parties from attacking on appeal any legal rulings and factual findings contained herein.

**DONE AND SUBMITTED** this _____ day of December, 2013, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

cc:
Hon. K. Michael Moore
AUSA Carmen Lineberger
AFPD Panayotta Augustin-Birch
U.S. Probation (USPO Ramos)

5